IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID RYNIEC, an individual, and TIMONY RYNIEC, and individual, <br><br> Plaintiffs, <br><br> v. <br><br> GURPREET S. POONI, in his professional And personal capacity, and WHEEL KING TRANS HAUL, INC., a foreign corporation, <br><br> Defendants. | Case No. 1:19-cv-00399 |

## NOTICE OF REMOVAL

Defendants GURPEET S. POONI and WHEEL KING TRANS HAUL, INC., collectively referred to as "Defendants," through their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and the Local Rules of the United States District Court for the Northern District of Illinois, hereby remove this lawsuit, pending as Case No. 2018-L-010084 in the Circuit Court for Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, the above-captioned case, and as grounds for removal, state as follows:

1. This lawsuit arises out of personal injuries Plaintiffs allegedly sustained as a result of a rear end motor vehicle collision that took place on May 12, 2016.

2. On September 17, 2018, Plaintiffs commenced the above-captioned lawsuit in the Circuit Court of Cook County, Illinois, Law Division, seeking damages for personal injuries allegedly sustained. (*See* Exhibit A, Count I ¶16, Count II, ¶ 21, Count III, ¶25, Count IV, ¶30.)

3. Defendants were served Plaintiff's summons and complaint on December 23, 2018. (*See* Exhibit B.)

2644103v.1

**Diversity of Citizenship Exists**

4. Plaintiffs David Ryniec and Timothy Ryniec (collectively "Plaintiffs") are citizens of the State of Illinois. (*See* Ex. A).

5. Defendant, Wheel King Trans Haul, Inc., is a Canadian corporation with its principal place of business located in Ontario, Canada.

6. Defendant, Gurpeet S. Pooni, is a Canadian citizen, who is a resident in Ontario, Canada. Mr. Pooni has not yet been served with Plaintiff's Complaint.

7. Wheel King seeks removal of this action pursuant to 28 U.S.C. §§ 1332(c) and 1441(b) based on diversity of citizenship. Plaintiffs are citizens of the State of Illinois. Defendant, Wheel King Trans Haul Inc., is a Canadian corporation which is not incorporated, organized, or maintains a principal place of business in Illinois. Defendant, Gurpeet S. Pooni is a resident of Canada.

8. As such, complete diversity of citizenship exists for purposes of Sections 1332 and 1441.

**Amount in Controversy Requirement is Satisfied**

9. Prior to May 16, 2018, Defendants received Plaintiffs' pre-suit Demand Letter seeking $1,000,000 in damages in regards to Timothy Ryniec's claim and $900,0000 for David Ryniec's claim. See Exhibit B, Affidavit of Geoffrey A. Belzer.

10. Relying on a plaintiff's demand as a basis for removal is an approach specifically contemplated by the Seventh Circuit. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) ("[T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done; by reference to the plaintiff's informal estimates or settlement demands…").

11. Therefore, pursuant to 28 U.S.C. § 1441(a), the above captioned case may be removed to this Court since the amount in controversy requirement is satisfied.

### Notice of Removal Timely Filed

12. In relevant part, 28 U.S.C. § 1446(b)(3) states: "…if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

13. Defendant Wheel King has therefore timely petitioned this Court for removal as said Notice of Removal is being filed within 30 days of receipt of information from which it was first ascertained that this case is one which is removable.

### Conclusion

14. For the foregoing reasons, this Court has original jurisdiction over this action under §1332(b), because complete diversity exists, and the amount in controversy exceeds the jurisdictional limit of $75,000.

WHEREFORE, Wheel King Trans Haul, Inc. Gurpeet S. Pooni and notifies this Court this cause has been removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §1446 and the Rules of the United States District Court for the Northern District of Illinois.

Dated: January 15, 2019　　　　　　　　**Wheel King Trans Haul, Inc.**

　　　　　　　　　　　　　　　　　　　　By: /s/ Geoffrey A. Belzer
　　　　　　　　　　　　　　　　　　　　　　Geoffrey A. Belzer
　　　　　　　　　　　　　　　　　　　　　　Wilson Elser Moskowitz Edelman & Dicker LLP
　　　　　　　　　　　　　　　　　　　　　　55 West Monroe Street, Suite 3800
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603-5016
　　　　　　　　　　　　　　　　　　　　　　312.704.0550 *main* | 312.821.6116 *direct*
　　　　　　　　　　　　　　　　　　　　　　Geoffrey.belzer@wilsonelser.com

Certificate of Service

    I hereby certify that on January 18, 2019, a copy of the *Notice of Removal* was filed electronically. Notice of this filing will be sent to the following parties via electronic mail as indicated to the following:

Thomas G. Oddo
Lillig & Thorsness Ltd.
1900 Spring Rd, Ste 200
Oakbrook IL 60523
toddo@lilliglaw.com

***Counsel for Plaintiff***

    /s/ Geoffrey A. Belzer

FILED DATE: 12/26/2018 1:01 PM 2018L010084

FILED
12/26/2018 1:01 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L010084

## AFFIDAVIT OF SERVICE

| Case: 18 L 10084 | Court: | County: Cook | Job: 2907106 (Ryniec v Wheel King) |
|---|---|---|---|
| **Plaintiff / Petitioner:** David Ryniec and Timothy Ryniec | | **Defendant / Respondent:** Wheel King Trans Haul, Inc. | |
| **Received by:** Legal Serve, LLC | | **For:** Lillig & Thorsness, LTD. | |
| **To be served upon:** Wheel King Trans Haul, Inc. c/o Michelle Carey, R.A. | | | |

I, Mark Grena, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Michelle Carey, 150 S Wacker Dr #2600, Chicago, IL 60606
**Manner of Service:** Corporation, Dec 21, 2018, 1:30 pm CST
**Documents:** Alias Summons and Complaint

**Additional Comments:**
1) Successful Attempt: Dec 21, 2018, 1:30 pm CST at 150 S Wacker Dr #2600, Chicago, IL 60606 received by Michelle Carey. Age: 42; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'8"; Hair: Black;

_____  12-23-18
Mark Grena                        Date
117-001734

Legal Serve, LLC
PO Box 5241
Wheaton, IL 60189-5241
Agency ID # 117-001734

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public
12/23/2018
Date

OFFICIAL SEAL
JOHN GRENA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/21/22

**EXHIBIT A**

**12-Person Jury**

FILED
9/17/2018 4:08 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 9/17/2018 4:08 PM   2018L010084

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| DAVID RYNIEC, an individual, and TIMOTHY RYNIEC, an individual, Plaintiffs, | ) ) ) ) |
| Vs. | ) Case No. 2018L010084 ) ) JURY DEMANDED |
| GURPREET S. POONI, in his professional and personal capacity, and WHEEL KING TRANS HAUL, INC., a foreign corporation, Defendants. | ) ) ) ) ) |

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, DAVID RYNIEC and TIMOTHY RYNIEC, by their attorney, Thomas G. Oddo and Lillig & Thorsness, Ltd., and for their Complaint at Law against the Defendants, GURPEET S. POONI, in his professional and personal capacity, and WHEEL KING TRANS HAUL, INC., a foreign corporation, state as follows:

**Parties**

1. Plaintiff, DAVID RYNIEC, is an individual residing in the Village of Deer Park, Count of Lake, State of Illinois.

2. Plaintiff, TIMOTHY RYNIEC, is an individual residing in the Village of Downers Grove, County of DuPage, State of Illinois.

3. Defendant, GURPEET S. POONI, is an individual who, on information and belief, resides in Brampton, Providence of Ontario, Canada.

4. Defendant, WHEEL KING TRANS HAUL, INC., is a Canadian corporation with its headquarters located at 475 Harrop Drive, Milton, Ontario, Canada L9T 3H3. Defendant provides freight and trucking services in the Canada and the United States, and does business frequently in

1

EXHIBIT A

FILED DATE: 9/17/2018 4:08 PM 2018L010084

Cook County, Illinois. Defendant's United States Department of Transportation ("DOT") license number is 2254869. Defendant's interstate operating authority license number MC-769364.

### Jurisdiction and Venue

5. This Court has jurisdiction over the Defendants pursuant to 735 ILCS § 5/2-209(a)(1) because Defendants transact business in the State of Illinois.

6. Venue is proper before this Court pursuant to 735 ILCS §5/2-101(1) and 735 ILCS §5/2-102(a) because Defendant, WHEEL KING TRANS HAUL, INC., is a foreign corporation authorized to transact business in Illinois pursuant to its USDOT license and its interstate operating license; and, because Defendant frequently does business in Cook County, Illinois.

### COUNT I
### (David Ryniec v. Gurpeet S. Pooni– Negligence)

7. On and prior to May 12, 2016, US Route 24 was a public roadway in the Town of Remington, County of Jasper, State of Indiana.

8. On or about May 12, 2016, at about 5.50am, Plaintiff, TIMOTHY RYNIEC, was operating a 2013 Lincoln MKZ westbound on US Route 24, approximately 850 feet west of its intersection with CR350N, in the Town of Remington, County of Jasper, State of Indiana..

9. On or about May 12, 2016, at about 5:50am, Plaintiff, DAVID RYNIEC, was a passenger in the vehicle driven by TIMOTHY RYNIEC.

10. On or about May 12, 2016, one or both of the named Defendants, was the owner, operator and/or leasor of a white 2016 Freightliner Cascade, driven by the Defendant, GURPEET S. POONI.

11. At the aforesaid time and place, Defendant, GURPEET S. POONI, was traveling in a westbound direction on US Route 24, behind Plaintiff's vehicle, approximately 850 feet west of its intersection with CR350N, in the Town of Remington, County of Jasper, State of Indiana.

**EXHIBIT A**

FILED DATE: 9/17/2018 4:08 PM   2018L010084

12. At the aforesaid time and place, Defendant, GURPEET S. POONI, owed Plaintiffs and others lawfully on the roads a duty to operate his motor vehicle safely and to exercise ordinary care so as to not negligently cause injury to those persons lawfully on the roadway, including Plaintiff, DAVID RYNIEC.

13. At the aforesaid time and place, the vehicle in which Plaintiff, DAVID RYNIEC, was a passenger was stopped lawfully in the road, with its left turn signal on, waiting for oncoming traffic to clear so that they could turn left off US Route 24.

14. At the aforesaid time and place, Defendant, GURPEET S. POONI, drove his semi-tractor trailer into, collided into, and/or rear-ended the motor vehicle in which Plaintiff, DAVID RYNIEC, was a passenger.

15. In breach of his duty of care, the Defendant, GURPEET S. POONI, was guilty of one or more of the following negligent acts and/or omissions and/or statutory violations:

    (a) Carelessly and negligently operated, maintained and controlled his motor vehicle without keeping a sufficient lookout ahead for vehicles and persons on the roadway;

    (b) Carelessly and negligently operated, maintained and controlled his motor vehicle by failing to maintain a safe following distance from the vehicle in front of him;

    (c) Carelessly and negligently operated, maintained, and controlled his vehicle by failing to stop his vehicle in time to avoid a collision with the vehicle in front of him;

    (d) Carelessly and negligently operated, maintained, and controlled his vehicle by failing to drive his vehicle at a reasonable and safe speed to prevent injury, accidents, and/or collisions;

    (e) Carelessly and negligently drove a motor vehicle at a speed greater than was reasonable and proper with regard to the traffic conditions;

EXHIBIT A

FILED DATE: 9/17/2018 4:08 PM 2018L010084

(f) Carelessly and negligently failed to keep his vehicle under control at all times;

(g) Carelessly and negligently failed to slow or stop his vehicle to avoid hitting; colliding and/or rear-ending the Plaintiff, DAVID RYNIEC'S motor vehicle; and

(h) Was otherwise careless and negligent.

16. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, GURPEET S. POONI, the Plaintiff, DAVID RYNIEC, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be treated for his injuries; suffered, and will in the future continue to suffer, great pain, anguish, and physical and mental suffering.

WHEREFORE, the Plaintiff, DAVID RYNIEC, prays for judgment against the Defendant, GURPEET S. POONI, in an amount in excess of this Court's jurisdictional requisite that will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

## COUNT II
### (David Ryniec v. Trans Haul Wheel King, Inc. - Negligence)

17. The Plaintiff, DAVID RYNIEC, adopts and re-alleges paragraphs 1 through 15 of Count I as paragraph 17 of this Count II, as though set forth herein.

18. At all times relevant herein, the Defendant, GURPEET S. POONI, was operating his vehicle with the consent of, and as the authorized, actual, or apparent agent, and/or employee of the Defendant, TRANS HAUL WHEEL KING, INC.

19. At all times relevant herein, the Defendant, TRANS HAUL WHEEL KING, INC., by and through its authorized, actual, or apparent agent, GURPEET S. POONI, had a duty to exercise a reasonable degree of care and caution in the operation, management and control of its motor

4

EXHIBIT A

FILED DATE: 9/17/2018 4:08 PM 2018L010084

vehicle in such a manner as not to carelessly and negligently cause injury to persons or property rightfully and lawfully upon the public way.

20. In breach of its duty of care, the Defendant, TRANS HAUL WHEEL KING, INC., by and through its agent, the Defendant, GURPEET S. POONI, was guilty of one or more of the following negligent acts and/or omissions:

    (a) Carelessly and negligently operated, maintained and controlled its motor vehicle without keeping a sufficient lookout ahead for vehicles and persons on the roadway;

    (b) Carelessly and negligently operated, maintained and controlled its motor vehicle by failing to maintain a safe following distance from the vehicle in front of it;

    (c) Carelessly and negligently operated, maintained, and controlled his vehicle by failing to stop its vehicle in time to avoid a collision with the vehicle in front of it;

    (d) Carelessly and negligently operated, maintained, and controlled its vehicle by failing to drive its vehicle at a reasonable and safe speed to prevent injury, accidents, and/or collisions;

    (e) Carelessly and negligently drove a motor vehicle at a speed greater than was reasonable and proper with regard to the traffic conditions;

    (f) Carelessly and negligently failed to keep its vehicle under control at all times;

    (g) Carelessly and negligently failed to slow or stop its vehicle to avoid hitting; colliding and/or rear-ending the Plaintiff, DAVID RYNIEC'S motor vehicle; and

    (h) Was otherwise careless and negligent.

21. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, TRANS HAUL WHEEL KING, INC., by and through its authorized, actual, and/or apparent agent, Defendant, GURPEET S. POONI, the Plaintiff, DAVID RYNIEC,

EXHIBIT A

FILED DATE: 9/17/2018 4:08 PM  2018L010084

sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be treated for his injuries; suffered, and will in the future continue to suffer, great pain, anguish, and physical and mental suffering.

WHEREFORE, the Plaintiff, DAVID RYNIEC, prays for judgment against the Defendant, TRANS HAUL WHEEL KING, INC., in an amount in excess of this Court's jurisdictional requisite that will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

## COUNT III
### (Timothy Ryniec v. Gurpeet S. Pooni – Negligence)

22. The Plaintiff, TIMOTHY RYNIEC, adopts and re-alleges paragraphs 1 through 15 of Count I as paragraph 22 of this Count III, as though set forth herein.

23. At the aforesaid time and place, Defendant, GURPEET S. POONI, drove his semi-tractor trailer into, collided into, and/or rear-ended the motor vehicle driven by Plaintiff, TIMOTHY RYNIEC, which vehicle was lawfully stopped with its left turn signal on, waiting for oncoming traffic clear in order to turn left off of US Route 24.

24. In breach of his duty of care, the Defendant, GURPEET S. POONI, was guilty of one or more of the following negligent acts and/or omissions and/or statutory violations:

    (a) Carelessly and negligently operated, maintained and controlled his motor vehicle without keeping a sufficient lookout ahead for vehicles and persons on the roadway;

    (b) Carelessly and negligently operated, maintained and controlled his motor vehicle by failing to maintain a safe following distance from the vehicle in front of him;

6

**EXHIBIT A**

FILED DATE: 9/17/2018 4:08 PM 2018L010084

(c) Carelessly and negligently operated, maintained, and controlled his vehicle by failing to stop his vehicle in time to avoid a collision with the vehicle in front of him;

(d) Carelessly and negligently operated, maintained, and controlled his vehicle by failing to drive his vehicle at a reasonable and safe speed to prevent injury, accidents, and/or collisions;

(e) Carelessly and negligently drove a motor vehicle at a speed greater than was reasonable and proper with regard to the traffic conditions;

(f) Carelessly and negligently failed to keep his vehicle under control at all times;

(g) Carelessly and negligently failed to slow or stop his vehicle to avoid hitting; colliding and/or rear-ending the Plaintiff, DAVID RYNIEC'S motor vehicle; and

(h) Was otherwise careless and negligent.

25. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, GURPEET S. POONI, the Plaintiff, TIMOTHY RYNIEC, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be treated for his injuries; suffered, and will in the future continue to suffer, great pain, anguish, and physical and mental suffering.

WHEREFORE, the Plaintiff, TIMOTHY RYNIEC, prays for judgment against the Defendant, GURPEET S. POONI, in an amount in excess of this Court's jurisdictional requisite that will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

## COUNT IV
### (Timothy Ryniec v. Trans Haul Wheel King, Inc. – Negligence)

26. The Plaintiff, TIMOTHY RYNIEC, adopts and re-alleges paragraphs 1 through 15 of Count I as paragraph 26 of this Count IV, as though set forth herein.

EXHIBIT A

FILED DATE: 9/17/2018 4:08 PM   2018L010084

27.  At all times relevant herein, the Defendant, GURPEET S. POONI, was operating his vehicle with the consent of, and as the authorized, actual, or apparent agent, and/or employee of the Defendant, TRANS HAUL WHEEL KING, INC.

28.  At all times relevant herein, the Defendant, TRANS HAUL WHEEL KING, INC., by and through its authorized, actual, or apparent agent, GURPEET S. POONI, had a duty to exercise a reasonable degree of care and caution in the operation, management and control of its motor vehicle in such a manner as not to carelessly and negligently cause injury to persons or property rightfully and lawfully upon the public way.

29.  In breach of its duty of care, the Defendant, TRANS HAUL WHEEL KING, INC., by and through its agent, the Defendant, GURPEET S. POONI, was guilty of one or more of the following negligent acts and/or omissions:

    (a)  Carelessly and negligently operated, maintained and controlled its motor vehicle without keeping a sufficient lookout ahead for vehicles and persons on the roadway;

    (b)  Carelessly and negligently operated, maintained and controlled its motor vehicle by failing to maintain a safe following distance from the vehicle in front of it;

    (c)  Carelessly and negligently operated, maintained, and controlled his vehicle by failing to stop its vehicle in time to avoid a collision with the vehicle in front of it;

    (d)  Carelessly and negligently operated, maintained, and controlled its vehicle by failing to drive its vehicle at a reasonable and safe speed to prevent injury, accidents, and/or collisions;

    (e)  Carelessly and negligently drove a motor vehicle at a speed greater than was reasonable and proper with regard to the traffic conditions;

    (f)  Carelessly and negligently failed to keep its vehicle under control at all times;

**EXHIBIT A**

FILED DATE: 9/17/2018 4:08 PM 2018L010084

(g) Carelessly and negligently failed to slow or stop its vehicle to avoid hitting; colliding and/or rear-ending the Plaintiff, DAVID RYNIEC'S motor vehicle; and

(h) Was otherwise careless and negligent.

30. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of the Defendant, TRANS HAUL WHEEL KING, INC., by and through its authorized, actual, and/or apparent agent, Defendant, GURPEET S. POONI, the Plaintiff, TIMOTHY RYNIEC, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be treated for his injuries; suffered, and will in the future continue to suffer, great pain, anguish, and physical and mental suffering.

WHEREFORE, the Plaintiff, TIMOTHY RYNIEC, prays for judgment against the Defendant, TRANS HAUL WHEEL KING, INC., in an amount in excess of this Court's jurisdictional requisite that will fairly and adequately compensate the Plaintiff for injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

Respectfully submitted,
DAVID RYNIEC and TIMOTHY RYNIEC,
Plaintiffs,

By: _____
One of Their Attorneys

Thomas G. Oddo – ARDC 6205239
LILLIG & THORSNESS, LTD.
1900 Spring Road, Suite 200
Oak Brook, Illinois 60523
T. (630) 571-1900
F. (630) 571-1042
Email: toddo@lilliglaw.com
Attorney Code: 11196

9

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID RYNIEC, an individual, and TIMONY RYNIEC, and individual, Plaintiffs, v. GURPREET S. POONI, in his professional And personal capacity, and WHEEL KING TRANS HAUL, INC., a foreign corporation, Defendants. | Case No. |

## AFFIDAVIT OF GEOFFREY A. BELZER

I, Geoffrey A. Belzer, being first duly sworn under oath, depose and state as follows:

1. I am licensed to practice law in the states of Illinois and Ohio and employed by the law-firm of Wilson Elser as a Partner.

2. I am admitted to the Northern District of Illinois continuously since 2007.

3. I am the assigned attorney to the above captioned case representing the Defendants, Gurpeet S. Pooni and Wheel King Trans Haul, Inc. (collectively "Wheel King").

4. I have personally discussed this case with Plaintiff's counsel, Thomas G. Oddo prior to Plaintiffs' filing of this lawsuit.

5. On April 13, 2018, Mr. Oddo communicated a settlement demand to Wheel King's insurer via electronic mail.

6. The demand communicated by Mr. Oddo was well in excess of $75,000 for the claim stated by Timothy Ryniec.

7. The demand communicated by Mr. Oddo was well in excess of $75,000 for the claim stated by David Ryniec.

2644903v.1

**EXHIBIT B**

8. While Mr. Oddo and I have spoken subsequently to the initial demands communicated by Plaintiffs, Mr. Oddo has never conveyed a demand of anything less than $75,000 for the claim stated by Timothy Ryniec and has never conveyed a demand of anything less than $75,000 for the claim stated by David Ryniec.

9. I have expressed each of the statements communicated above pursuant to my personal knowledge.

FURTHER AFFIANT SAYETH NOT.

Dated this 18th day of January 2019.

_____
Geoffrey A. Belzer

SUBSCRIBED AND SWORN to
before me this 17th day of January 2019.

_____
Notary Public

OFFICIAL SEAL
MARY E. JASINSKI
Notary Public - State of Illinois
My Commission Expires 11/30/2021

2644903v.1

**EXHIBIT B**